UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK TUNNE,

                            Plaintiff,

              -against-

DISCOVER FINANCIAL SERVICES, INC., et al,

                          Defendants.
------------------------------------------------------------------X

22-cv-5288 (JGLC) (VF)

**REPORT AND RECOMMENDATION**

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE JESSICA G. L. CLARKE, United States District Judge.**

      Plaintiff Mark Tunne, proceeding *pro se* and *in forma pauperis*, filed a second amended complaint on August 5, 2024, asserting six claims against Discover Financial Services, Inc. ("Discover") and two employees of Discover, Jane Does "Janelle" and "Evy M." (collectively, "Defendants"). ECF No. 73. On August 19, 2024, Discover moved to dismiss Counts II through VI of Tunne's second amended complaint. ECF No. 74-1 ("Def's Br."). For the reasons stated herein, I respectfully recommend that Defendants' motion be **GRANTED** with prejudice.

**BACKGROUND**[1]

      On June 22, 2022, Tunne commenced this action against Defendants. On October 25, 2023, Tunnel filed a first amended complaint asserting ten causes of action against Defendants. See ECF No. 56. On December 6, 2023, Defendants filed a motion to dismiss all of Tunne's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 59; ECF No. 59-2. On

---

[1] A full recitation of the factual and procedural background of this case is recounted in the Court's previous Report & Recommendation, familiarity with which is presumed. See ECF No. 68 at 1-4. Only the procedural background relevant to the instant motion is recounted herein.

May 13, 2024, the Court recommended that Defendants' motion to dismiss be granted in part and denied in part. ECF No. 68 ("R&R").

The Court recommended that Defendants' motion to dismiss be granted as to all claims in Tunne's complaint except for his claim under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA"). R&R at 7-8.[2] As it concerned Tunne's claim under the ECOA, the Court determined that Tunne had plausibly stated a claim. Id. at 10-13. Tunne restates that claim in Count I of his second amended complaint. See ECF No. 73 at ¶¶ 51-61.

The Court recommended that certain claims be dismissed with prejudice. First, in Counts I and II of his first amended complaint, Tunne alleged violations of various criminal statutes. ECF No. 56 at ¶¶ 50-54, 55-64. As to those claims, the Court recommended dismissal with prejudice because there was no private right of action. R&R at 8-9. Next, in Count III, Tunne asserted a claim under the Privacy Act of 1974. ECF No. 56 at ¶¶ 65-68. As to that claim, the Court recommended dismissal with prejudice because a private right of action against private entities and individuals does not exist under that statute. R&R at 9-10. In Counts VIII, IX, and X, Tunne asserted claims for intentional interference with contractual relations, negligent hiring, retention and supervision, and intentional infliction of emotional distress. ECF No. 56 at ¶¶ 97-99, 100-103, 104-109. The Court also recommended dismissal of those claims with prejudice. R&R at 25-32.

With respect to several claims, the Court recommended dismissal without prejudice, so that Tunne could have an opportunity to amend his allegations to plausibly state a claim. In Counts V, VI, VII and VIII of his first amended complaint, Tunne asserted a claim against

---

[2] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the original pagination in those documents.

Defendants under the Americans with Disabilities Act, 42 U.S.C. § 12182(a) (the "ADA"), the Consumer Credit Protection Act, 15 U.S.C. § 1601 (the "CCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), and for breach of contract, respectively. ECF No. 56 at ¶¶ 80-84, 85-88, 89-93, 94-96. The Court recommended dismissal of those claims without prejudice. R&R at 14-24, 26.

On June 10, 2024, the Honorable Jessica G. L. Clarke adopted the Report and Recommendation in its entirety and granted Tunne until July 10, 2024, to file a second amended complaint. ECF No. 69 at 2. On July 29, 2024, Judge Clarke *sua sponte* extended Tunne's time to file a second amended complaint to August 9, 2024. ECF No. 71. On August 5, 2024, Tunne filed his second amended complaint. ECF No. 73. On August 19, 2024, Defendants filed a motion to dismiss Counts II through VI in Tunne's second amended complaint. Def's Br. at 4.

## DISCUSSION

### A. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, a district court must "accept[ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." Lotes Co. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 403 (2d Cir. 2014) (quoting Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010)) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[R]ather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, *i.e.*, enough to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 555, 570) (internal quotation marks, alteration, and citation omitted).

B. Analysis

In his second amended complaint, Tunne asserts six causes of action against Defendants. In Count I, Tunne asserts a claim against all Defendants under the ECOA, 15 U.S.C. § 1691. See ECF No. 73 at ¶¶ 51-61. As discussed, that claim was properly pled in Tunne's first amended complaint, it is restated in Tunne's second amended complaint, and Defendants have not moved to dismiss it.

In Count II, Tunne asserts a claim against all Defendants under Title III of the ADA, 42 U.S.C. § 12182(a). See ECF No. 73 at ¶¶ 62-66. In Count III, Tunne asserts a claim against all Defendants for violation of the CCPA, 15 U.S.C. § 1601. See id. at ¶¶ 67-69. In Count IV, Tunne brings a claim against all Defendants for violation of the FCRA, 15 U.S.C. § 1681 et seq. See id. at ¶¶ 70-74. In Count V, Tunne asserts a claim against Discover for breach of contract, and a claim against the individual Defendants for intentional interference with contractual relations. See id. at ¶¶ 75-81. Lastly, in Count VI, Tunne asserts a claim against Defendants for intentional infliction of "emotional distress and mental anguish." See id. at ¶¶ 82-87.

1.  Count II

In Count II, Tunne reasserts a claim under Title III of the ADA, again alleging that Defendants discriminated against him because he is a "disabled U.S. veteran." See ECF No. 73 at ¶¶ 62-66. Tunne's first amended complaint asserted an ADA claim and, in reviewing that claim, the Court concluded that Tunne had failed to adequately plead that he was disabled within the meaning of the ADA. See R&R at 14-19. Although the first amended complaint stated that Tunne was a "disabled veteran," it failed to identify a specific physical or mental impairment from which Tunne suffered, a life activity which was affected by that impairment, or the frequency with which any impairment affected Tunne's daily activities. Id. at 15. Absent such factual allegations, the Court could not plausibly infer that Tunne was disabled within the meaning of the ADA. See id. (citing Marechau v. Equal Emp. Pracs. Comm'n, No. 13-CV-2440 (VEC), 2014 WL 5026142, at *5 (S.D.N.Y. Sept. 30, 2014) (concluding that plaintiff's self-diagnosis of a disability, without more, is insufficient to suggest that plaintiff is disabled within the meaning of the ADA)).

In granting Tunne an opportunity to amend his claim, the Court specifically directed him to "allege sufficient factual matter to adequately plead that he is disabled within the meaning of the statute." R&R at 19. Tunne's second amended complaint fails to fix this deficiency. Again, Tunne repeatedly alleges that he is a "disabled U.S. veteran." ECF No. 73 at ¶¶ 16, 21, 64, 80, 87. But Tunne does not identify any specific physical or mental impairment which he suffers from, or the degree to which that impairment affects his daily activities. See id. at ¶¶ 16, 21, 62-66. The second amended complaint merely restates the same allegations previously deemed insufficient to adequately plead that Tunne is disabled within the meaning of the ADA. Compare ECF No. 56 at ¶¶ 80-84 with ECF No. 73 at ¶¶ 62-66. For the same reasons as previously

indicated in the R&R, Tunne has failed to allege a claim under the ADA, because he has not plausibly alleged a disability within the meaning of the ADA. See Roberts v. EmblemHealth Neighborhood Care, No. 24-CV-1857 (LTS), 2024 WL 4188646, at *3 (S.D.N.Y. Sept. 8, 2024) (dismissing *pro se* plaintiff's ADA claim where she provided "no facts suggesting that she is disabled within the meaning of the ADA"); Buckley v. Med Bd. & Psychs. of Respective States, No. 17-CV-8450 (CM), 2017 WL 8777380, at *2 (S.D.N.Y. Nov. 28, 2017) (dismissing ADA claim where plaintiff did not allege any disability). I thus recommend that Tunne's claim in Count II be dismissed.

    2. Count III

In Count III, Tunne asserts a claim against Defendants for violations of the CCPA. See ECF No. 73 at ¶¶ 67-69. As was true in his first amended complaint (see R&R at 19-20), Tunne does not specify which title of the CCPA was allegedly violated by Defendants. ECF No. 73 at ¶¶ 67-69. However, his allegations again suggest that his claim is pursuant to Subchapter I of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. That provision "imposes disclosure requirements on creditors" like Discover. See R&R at 19 (citing Sullivan v. Greenwood Credit Union, 520 F.3d 70, 73 (1st Cir. 2008)).

Tunne's first amended complaint asserted that Discover violated the TILA by refusing "to disclose in writing what verification they were seeking" from Tunne. R&R at 19-21 (internal quotation marks omitted). The Court recommended that Tunne's claim be dismissed because the TILA did not require disclosure of that type of information, and Tunne had not alleged that Discover failed to disclose information that it was required to disclose under the statute. Id. at 20-21. The Court granted Tunne leave to amend to specify which specific disclosure obligations Discover had failed to meet in violation of the TILA. Id.

Tunne's second amended complaint again fails to state a claim. To support his claim, Tunne only alleges that the CCPA "mandates disclosure requirements that must be followed by consumer lenders and auto-leasing firms," ECF No. 73 at ¶ 68, and that the termination of his Discover card caused his credit score to plunge "approximately 130 points." Id. at ¶ 69. Again, Tunne has failed to point to specific information that Discover failed to disclose in violation of the TILA. See Miller v. Eur. Am. Bank, 921 F. Supp. 1162, 1166 (S.D.N.Y. 1996) (citing 15 U.S.C. § 1637(a), (c)) (stating that items subject to disclosure under the TILA "deal specifically with finance charges, interest rates, consumer rights and creditor responsibilities regarding billing matters, grace periods, cash advance fees, late fees, and over-credit-limit fees"). To the extent Tunne alleges that Discover was required to disclose why it sought to verify his federal tax information (see ECF No. 73 at ¶ 65), that type of information, as explained in the prior R&R (see R&R at 19-21), is not covered under the disclosure requirements of the TILA. Tunne has also not alleged any other new facts to support a claim under this statute. I thus recommend that the claim in Count III be dismissed.

3. Count IV

In Count IV, Tunne asserts a claim against Defendants for violation of the FCRA, 15 U.S.C. § 1681 et seq. See ECF No. 73 at ¶¶ 70-74. Tunne alleges that in May and June of 2021, Defendants "did not[ ] submit accurate and honest credit card termination data regarding [Tunne's] credit card." Id. at ¶ 72. As explained in the Court's previous R&R, the FCRA imposes two duties on entities like Discover: a duty "to report accurate information to a consumer reporting agency" and to "correct inaccurate information"; and a duty to conduct an investigation "once notice is received from a consumer reporting agency that there is a dispute as to the completeness or accuracy of the information provided" to the agency. R&R at 21-22

(citing 15 U.S.C. § 1681s-2(a), (b); Varlack v. TD Bank N., No. 23-CV-7216 (LTS), 2023 WL 6811108, at *2 (S.D.N.Y. Oct. 16, 2023)). Under Section 1681s-2(b), a private right of action exists only after a furnisher of credit information, such as Discover, receives notice from a consumer reporting agency of a consumer dispute. R&R at 22. In the first amended complaint, Tunne did not allege that Defendants were notified by any consumer reporting agency of his dispute concerning inaccurate information, or that Defendants failed to investigate the inaccuracy after being notified by such an agency. Id. at 23. Without such allegations, the Court reasoned that Tunne had failed to state a claim for violation of the FCRA.

Tunne's second amended complaint does not contain any new allegations on this front. Instead, Tunne restates the same allegations previously deemed insufficient. Compare ECF No. 56 at ¶¶ 89-93 with ECF No. 73 at ¶¶ 70-74. Tunne makes only one change in his second amended complaint, adding an allegation that Defendants "still have not to the present day given the three credit bureaus fair and accurate reporting as to why plaintiff's Discover card was terminated" Id. at ¶ 74. But this allegation fails to plausibly allege that Discover was notified by a consumer reporting agency of inaccurate information, or that Discover failed to investigate a dispute after receiving notice by the consumer reporting agency. See e.g., Kiss v. Chase Bank USA, N.A., No. 17-CV-7858 (KMK), 2018 WL 3242273, at *4 (S.D.N.Y. July 3, 2018) (dismissing plaintiff's FCRA claim where plaintiff failed to allege that defendant "received notice of a credit dispute from a consumer reporting agency") (internal quotation marks and citation omitted); Neblett v. Chase Bank, No. 9-CV-10574 (DAB) (GWG), 2010 WL 3766762, at *5 (S.D.N.Y. Sept. 27, 2010) (accord). As such, Tunne's claim should be dismissed for the same reason the Court recommended dismissal in the prior R&R.

4. Count V

In Count V, Tunne asserts a claim against Discover for breach of contract and a claim against Defendants for intentional interference with contract. See ECF No. 73 at ¶¶ 75-81. As it concerns Tunne's breach of contract claim, the Court previously concluded that Tunne had failed to plausibly allege a claim, because Tunne had not identified the contract at issue or the provisions in that contract that Discover allegedly breached. R&R at 24. Tunne's second amended complaint repeats the deficient allegations underlying the breach of contract claim in the first amended complaint. Compare ECF No. 56 at ¶ 97 with ECF No. 73 at ¶ 77. Again, Tunne has failed to identify a contract with Discover or any specific provision that was allegedly breached by Discover. See Generation Next Fashions Ltd. v. JP Morgan Chase Bank N.A., No. 21-CV-9266 (LJL), 2023 WL 6812984, at *5 (S.D.N.Y. Oct. 16, 2023) (explaining that breach of contract claim that does not identify "specific provisions of the contract upon which liability is predicated" will be dismissed for failure to state a claim) (internal quotation marks and citation omitted). Tunne has failed to plausibly allege a breach of contract claim and I thus recommend that the claim be dismissed.

As it concerns his claim in Count V for intentional interference with contract, this claim was previously dismissed with prejudice. R&R at 26; ECF No. 69 at 2. Because the Court did not grant him leave to amend that claim, Tunne should not have included it in his second amended complaint. I thus recommend that the tortious interference claim in Count V again be dismissed with prejudice.

5. Count VI

Last, in Count VI, Tunne asserts a claim for intentional, reckless, and negligent infliction of emotional distress. ECF No. 73 at ¶¶ 82-87. The Court previously dismissed this claim with

prejudice. See R&R at 28-31; ECF No. 69 at 2. As such, I recommend that the claim again be dismissed with prejudice.

      6. Leave to Amend

Under Federal Rule of Civil Procedure 15, leave to amend may properly be denied for "repeated failure to cure deficiencies by amendments previously allowed" or futility. Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). Tunne was informed of the deficiencies in each of his claims and the Court explained how to cure those deficiencies. Even with the Court's guidance, Tunne has failed to add any new factual allegations to support the claims that were previously dismissed. Tunne has thus failed to fix the deficiencies previously identified by the Court. Under these circumstances, Tunne should not be afforded a second opportunity to amend his claims. See e.g., Ngambo v. Chase, No. 20-CV-2224 (NSR), 2023 WL 9004789, at *2, *5-6 (S.D.N.Y. Dec. 28, 2023) (dismissing *pro se* plaintiff's claims with prejudice where plaintiff failed to plead facts sufficient to cure the deficiencies identified in the court's previous order); Moore v. Experian, No. 23-CV-673 (PAE) (SLC), 2023 WL 7169119, at *9-10 (S.D.N.Y. Oct. 13, 2023), report and recommendation adopted by, 2023 WL 7166158, (S.D.N.Y. Oct. 31, 2023) (denying *pro se* plaintiff leave to amend FCRA claim where plaintiff had previous opportunity to amend claims and failed to address deficiencies). I thus recommend that Tunne be denied leave to amend his claims in Counts II, III, IV, and V.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Defendants' motion to dismiss by **GRANTED** as to Plaintiff's claims in Counts II through VI of the second amended complaint. I further recommend that dismissal of those claims be with prejudice.

DATED:   New York, New York
         September 20, 2024

Respectfully submitted,

_____
VALERIE FIGUEREDO
United States Magistrate Judge

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Jessica G. L. Clarke. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**