UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK TUNNE,

                Plaintiff,

-against-

DISCOVER FINANCIAL SERVICES, INC.,
d/b/a Discover Card, Inc., et al.,

                Defendants.

22-CV-5288 (JGLC)

**<u>ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

      Familiarity with the broader procedural history of this case is assumed. On November 18, 2024, the Court issued an Order adopting Magistrate Judge Valerie Figueredo's Amended Report and Recommendations to dismiss with prejudice Counts II through VI of Plaintiff's Second Amended Complaint. ECF No. 87. On April 16, 2025, Plaintiff submitted a motion for reconsideration of that Order. ECF No. 99. As Plaintiff presents no valid grounds for reconsideration, the motion is DENIED. *See, e.g.*, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (cleaned up)).

      "To warrant reconsideration, the moving party bears the heavy burden of showing 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *WGH Commc'ns, Inc. v. Penachio Malara LLP*, 2021 WL 923387, at *1 (S.D.N.Y. Feb. 19, 2021) (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Here, Plaintiff has failed to meet this high

burden by failing to allege new facts, clear error, or a change of controlling law that bears on the legal sufficiency of Counts II through VI. *See* ECF Nos. 99, 109. Moreover, the Amended Report and Recommendation advised the parties that they had fourteen days from service to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 87. Plaintiff failed to submit any such objections. Accordingly, the Clerk of Court is respectfully directed to terminate ECF Nos. 99 and 109.

      SO ORDERED.

Dated: October 28, 2025
       New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge