UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARK TUNNE,

                              Plaintiff,

                                                                    22-cv-5288 (JGLC) (VF)

          -against-                                          **OPINION & ORDER**

DISCOVER FINANCIAL SERVICES, INC., et al.,

                              Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

Pending before the Court is a motion for sanctions filed by pro se Plaintiff Mark Tunne

against Defendant Discover Financial Services, Inc. See ECF No. 100. For the reasons stated

herein, the motion for sanctions is **DENIED**.

**BACKGROUND**[1]

On April 16, 2025, Plaintiff filed a motion for sanctions against Defendant under Federal

Rule of Civil Procedure 11. ECF No. 100. Plaintiff claims that Defendant's counsel made a false

statement during a September 20, 2023 case management conference with the Court regarding

the submission of a verification form to the Internal Revenue Service ("IRS"). ECF No. 100 at 2,

6-7.[2] According to Plaintiff, defense counsel represented to the Court that Defendant had filed a

4506 IRS Verification Form with the IRS, when in fact Defendant had not filed the form. Id. at 2,

6-7. Plaintiff further claims that the form was never submitted to Equifax, Inc. and that

Defendant "fraudulently manufactured" the form. Id. at 7.

---

[1] The Court assumes the parties' familiarity with the factual and procedural background
of this case, which is recounted in various opinions of the Court. See ECF Nos. 68, 80, 111.

[2] Citations to documents on ECF are to the original page numbers in those documents.
Where the document does not contain page numbers, the ECF-generated pagination is used.

On June 3, 2025, Defendant opposed the motion for sanctions. ECF No. 106. Defendant argues that the motion should be denied as procedurally improper, because Plaintiff failed to serve Defendant with notice of the motion prior to filing, as required by Rule 11's safe-harbor provision. Id. at 10-11. Alternatively, Defendant argues that the motion should be denied because defense counsel did not make a false statement at the conference. Id. at 11.

A transcript of the conference on September 20 indicates that defense counsel made the following statement concerning the IRS form:

> Discover's records reflect that a request for a tax form was sent to the email address on record for Mr. Tunne that was associated to the opening of the account. This was on April 29 of 2021. An agent also spoke to Mr. Tunne on that same date and advised him of the fact that a form would be sent to him. Discover's records reflect that a form was signed and returned by Mr. Tunne, at which point it was submitted in accordance with the process of verifying his income.

ECF No. 106-2 at 5. Plaintiff contends in his motion that he did not complete the IRS verification form, contrary to defense counsel's statement at the conference. ECF No. 100 at 7.

On July 22, 2025, Plaintiff filed a reply in further support of his motion. ECF No. 110.

## DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 11(b) imposes a duty on attorneys and litigants "to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (internal quotation marks omitted). "Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 459 (S.D.N.Y. 2023) (citation omitted). "Merely incorrect legal statements are not

sanctionable under Rule 11(b)(2)." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 391 (2d Cir. 2003).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." Cooter & Gell, 496 U.S. at 393; see also Bus. Guides, Inc. v. Chromatic Comm'ns Enterprises, Inc., 498 U.S. 533, 542 (1991) ("Rule 11 is aimed at curbing abuses of the judicial system") (internal quotation marks and citation omitted). Rule 11 accomplishes this purpose by authorizing courts to impose sanctions "when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 63 (2d Cir. 2012) (quoting Fed. R. Civ. 11(b)-(c)).

"When deciding whether to grant Rule 11 sanctions, the Court applies an objective standard of reasonableness, and looks to, among other factors, whether the party acted in bad faith; whether they relied on a direct falsehood; and whether the claim was utterly lacking in support." Grayson v. Ressler & Ressler, 271 F. Supp. 3d 501, 526 (S.D.N.Y. 2017) (internal quotation marks and citations omitted); accord Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc., 186 F.3d 157, 166 (2d Cir. 1999). Although bad faith may be considered in assessing sanctionable conduct, it is not a requirement for Rule 11 sanctions. See Knipe v. Skinner, 19 F.3d 72, 75 (2d Cir. 1994) ("Simply put, subjective good faith provides no safe harbor.") (internal quotation marks, brackets, and ellipses omitted).

Even when a court finds that Rule 11 has been violated, "the decision whether or not to impose sanctions is a matter for the court's discretion." Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004); see also Ipcon Collections, 698 F.3d at 63 ("Sanctions may be—but need not

3

be—imposed[.]"). In exercising that discretion, "a district court is obligated to exercise caution and restraint." Kingvision Pay-Per-View Ltd. v. Ramierez, No. 05-CV-2778 (HB), 2005 WL 1785113, at *4 (S.D.N.Y. July 28, 2005). The imposition of sanctions under Rule 11 is reserved for "extreme cases." Sorenson v. Wolfson, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016), aff'd by, 683 F. App'x 33 (2d Cir. 2017); see also Galin v. Hamada, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017) ("Courts have cautioned litigants that Rule 11 sanctions are reserved for extraordinary circumstances.") (internal quotation marks and citation omitted), aff'd by, 753 F. App'x 3 (2d Cir. 2018).

   B.  Analysis

      As an initial matter, sanctions are inappropriate because Plaintiff failed to comply with Rule 11's safe-harbor provision. A party moving for sanctions must provide a copy of the motion to the opposing party 21 days before filing it with the Court. See Fed. R. Civ. P. 11(c)(2). The purpose of the safe-harbor provision is to permit the opposing party an "opportunity to withdraw the potentially offending statements before the sanctions motion is officially filed." Castro v. Mitchell, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010) (citation omitted). Further, "the safe-harbor provision is a strict procedural requirement." Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012); see also Castro, 727 F. Supp. 2d at 306 (collecting cases where courts denied motions for sanctions for failure to comply with safe-harbor provision). Plaintiff does not indicate in his motion that he complied with the safe-harbor provision. And although Defendant in its opposition argued that Plaintiff had failed to serve the motion prior to its filing as required by Rule 11(c)(2) (see ECF No. 106 at 15), Plaintiff did not respond in his reply brief to that argument. Because there is no indication in the record that Plaintiff complied with Rule 11(c)(2), Plaintiff's Rule 11 motion must be denied for failure to comply with the safe-harbor requirement.

4

Nevertheless, even considering the merits of Plaintiff's motion, sanctions are inappropriate because Plaintiff has not demonstrated that any false statement was made to the Court. Plaintiff seeks sanctions against Defendant under Rule 11(b)(3) which permits the Court to impose sanctions when an attorney or litigant falsely represents to the Court that a factual contention has, or is likely to have, evidentiary support. See Safe-Strap Co., Inc. v. Koala Corp., 270 F. Supp. 2d 407, 412 (S.D.N.Y. 2003) (discussing Rule 11(b)(3)). But to obtain sanctions under that provision, Plaintiff was required to show that the statement by defense counsel concerning the IRS form was "utterly lacking in support," and effectively a "direct falsehood[ ]." Id. Plaintiff has not shown that the statement was false.

In the ordinary course of business, Discover maintains written account records, and it maintained those records for Plaintiff's account. ECF No. 106-1 at ¶¶ 2-3. Those records indicate that Discover called Plaintiff to discuss his income verification on April 29, 2021. Id. at ¶ 7. In response to a voice-mail message left by Discover, Plaintiff called Discover back, and that call was recorded by Discover. Id. at ¶ 8; see also ECF No. 106-4 (transcription of recording of phone call with Plaintiff); ECF No. 106-3 (records showing April 29 call). As is evident from the recording, Plaintiff was told by a representative of Discover about the income verification process, and told that he would be receiving an e-mail from a verification service with a form that had to be returned by Plaintiff. ECF No. 106-1 at ¶¶ 10-12; see also ECF No. 106-4 at 2-4. The representative explained that Plaintiff had to complete the verification process by June 10, 2021, in order to keep his account with Discover open, and that the process was an effort by Discover to protect customers against fraud. Id. at 2. Plaintiff confirmed his understanding. Id. at 3-4. Discover's records show that Plaintiff signed the verification form and that the form was "processing with the IRS" as of April 30, 2021. ECF No. 106-1 at ¶ 13; see also ECF No. 106-3

5

at 12. Discover's records also show that on May 6, 2021, Discover received the Taxpayer Tax

Return Summary Report from the IRS. See ECF No. 106-3 at 12; ECF No. 106-5 (report).

At the conference, defense counsel indicated that Defendant had contacted Plaintiff about

the process of verifying Plaintiff's income and had notified Plaintiff that a tax form would be

sent. ECF No. 106-2 at 5. Counsel further stated that the form had been signed and returned by

Plaintiff, at which point it was submitted in accordance with the ordinary process of verifying

Plaintiff's income. Id. These statements are entirely consistent with the records put forth by

Defendant. And although Plaintiff contends that the IRS verification form is "non-existing" and

was "in fact never submitted to Equifax" (ECF No. 110 at 3), Defendant's business records

conclusively establish otherwise.[3] In short, Plaintiff has not pointed to any false statement made

by defense counsel.[4]

---

[3] The business records were submitted with a sworn declaration from Melissa Rachu, an employee of Discover who has personal knowledge of Discover's business records and the records related to communications between Plaintiff and Discover. See ECF No. 106-1. Her declaration lays a foundation for the business record exception in Federal Rule of Evidence 803(6), rendering the records admissible. OneWest Bank, N.A. v. Guerrero, No. 14-CV-3754 (NSR), 2018 WL 2727891, at *5 (S.D.N.Y. June 6, 2018) (finding that plaintiff laid a proper foundation for the business record exception where affiant affirmed she was "familiar with the business records maintained by Plaintiff," "the records she reviewed were made at or near the time of such transactions or events, by or from information provided by persons with knowledge of the transactions or events, and that the records were kept in the regular course of business activity").

[4] In its opposition to Plaintiff's motion, Defendant requests that sanctions be imposed on Plaintiff for his frivolous sanctions motion. ECF No. 106 at 14-15. Although Plaintiff filed a reply brief, he did not respond to Defendant's request for sanctions. It is thus not apparent that Plaintiff is aware of Defendant's request. And given Plaintiff's pro se status, the Court declines to impose sanctions on Plaintiff for his Rule 11 motion.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for sanctions is **DENIED**. The Clerk of

Court is respectfully directed to terminate the motions at ECF Nos. 100 and 110.

**SO ORDERED.**


DATED:       New York, New York
             March 27, 2026

_____

VALERIE FIGUEREDO
United States Magistrate Judge

7